**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| GREAT BOWERY, d/b/a TRUNK ARCHIVE, <br><br> *Plaintiff*, <br><br> v. <br><br> HALIE DUKE, <br><br> *Defendant*. | Case No. 2:25-cv-10548 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> DEMAND FOR JURY TRIAL |

Plaintiff, GREAT BOWERY, INC. d/b/a TRUNK ARCHIVE, by and through its undersigned counsel, brings this Complaint against Defendant, HALIE DUKE, and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

## PARTIES

2. Plaintiff Great Bowery, Inc. d/b/a Trunk Archive ("Trunk Archive") is a corporation organized and existing under the laws of Delaware with a place of business at 190 Bowery, New York, New York 10012.

3. Upon information and belief, Defendant Halie Duke ("Duke") is an individual residing and/or transacting business in the state of Michigan with a residential address of 22762 Sherry Drive, Flat Rock, Michigan 48134.

4. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendant named in this caption.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

6. This court has personal jurisdiction over Defendant because Defendant has a physical presence in the State of Michigan and/or Defendant transacts business in the State of Michigan, including this judicial district.

7. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(c) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States and Defendant resides in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

*Plaintiff Great Bowery, Inc. d/b/a Trunk Archive and Florian Sommet*

8. Trunk Archive is a full-service photography licensing agency representing some of the most prominent photographers and iconic images in the world.

9. Trunk Archive's catalogue features imagery from hundreds of prominent artists and designers that are available for license.

10. One of Trunk Archive's most prominent photographers is half French and half German photographer Florian Sommet ("Sommet").

11. Sommet is a highly successful photographer specializing in beauty photography. His work shows youthful visions and sensitivity to textures, supported by clean, bright lighting, and colorful props.

12. Sommet licenses his work for a fee.

13. Sommet's livelihood depends on receiving compensation for the photographs he produces, and the copyright protection afforded to Sommet's work is intended to deter would-be infringers from copying and profiting from his work without permission.

14. Sommet's portfolio includes international clients, and his work has been featured in top magazines and advertising such as *ELLE, VOGUE, Madame Figaro, Harper's Bazaar, Marie Claire, GQ,* and *Allure*. Additionally, his work has been used commercially by *Chanel, L'Oréal, Helena Rubinstein, Chopard*, and *Clarins*.

15. Sommet is the sole author and rights holder to a photograph of a female model photographed from the shoulders up, wearing a white robe and white headband with her hair pulled back from her face, and two white-gloved hands are

pressing on and outlining the model's face as if to prepare her face for a cosmetic service or procedure ("Sommet Photograph").

16.     Attached hereto as Exhibit A is a true and correct copy of the Sommet Photograph.

17.     Sommet registered the Sommet Photograph with the United States Copyright Office with the file name TRU1511566 under Registration No. VA 2-227-174 with an effective date of October 20, 2020.

18.     Attached hereto as Exhibit B is a true and correct copy of Registration No. VA 2-227-174.

19.     Sommet subsequently granted Trunk Archive the exclusive right to license the Sommet Photograph.

### *Defendant Halie Duke*

20.     Upon information and belief, Defendant Duke is an advanced registered nurse who administers cosmetic injections ("Nurse Injector") and performs treatments including neurotoxin wrinkle relaxers, full face fillers, Sculptra/Radiesse Biostipulators, BBL laser treatments, and MOXI laser treatments.

21.     Defendant Duke maintains an Instagram Page at https://www.instagram.com/halieduke_nurseinjector/ under the handle @halieduke_nurseinjector ("Duke Instagram Page").

22. Attached as Exhibit C is a true and correct screenshot of the Duke Instagram Page.

23. Defendant Duke generates content on the Duke Instagram Page for commercial purposes to market and promote Duke's services as a Nurse Injector and to increase her customer base and revenue as a Nurse Injector.

24. At all relevant times, Defendant Duke had the ability to supervise and control all content on the Duke Instagram Page.

25. At all relevant times, Defendant Duke had a direct financial interest in the content and activities of the Duke Instagram Page (including the activities alleged in this Complaint).

26. At all relevant times, the Duke Instagram Page was readily accessible to the general public throughout Michigan, the United States, and the world.

### *Defendant Duke's Willful Unauthorized Use of the Sommet Photograph*

27. On or about October 10, 2022, Trunk Archive discovered the Sommet Photograph being used by Defendant Duke on the Duke Instagram Page in a post dated January 15, 2022 with text paragraphs below and next to the Sommet Photograph that read "Botox is not designed to remove facial expressions" "It's designed to soften the lines of facial expression from squinting, frowning, and smiling" and text in the post that reads "Natural and youthful is key!" ("Duke Instagram Post").

28. Attached hereto as Exhibit D is a true and correct screenshot of the Sommet Photograph as used on the Duke Instagram Page.

29. In no event did Trunk Archive or Sommet grant Defendant Duke a license, permission, or authorization to use, make a copy of, or publicly display the Sommet Photograph on the Duke Instagram Page or in any other manner.

30. Defendant Duke (including her agents, contractors or others over whom she has responsibility and control) created an unauthorized copy of the Sommet Photograph and caused it to be uploaded to and displayed on the Duke Instagram Page.

31. Trunk Archive is informed and believes that the purpose of the use of the Sommet Photograph on the Duke Instagram Page was to couple high-quality visual content, via a professionally produced photograph, with textual content to create an aesthetic, visually inviting presentation of the marketing message and support Defendant Duke's marketing goals to entice users to browse through the Duke Instagram Page and ultimately and seek services from Defendant Duke which would generate revenue for Defendant Duke.

32. Trunk Archive is informed and believes that the purpose of the use of the Sommet Photograph in the Duke Instagram Posts was to couple a high-quality, professionally-produced photograph with the textual content to assist the Duke Instagram user in visualizing the beauty look that could be achieved by Defendant

Duke administering Botox services to bolster and lend credibility and integrity to Defendant Duke's reputation as a nurse injector and cosmetic service provider.

33. Defendant Duke (including her agents, contractors or others over whom she has responsibility and control) used, displayed, published, posted, and otherwise held out to the public Sommet's original and unique Sommet Photograph for commercial purposes and to acquire a direct financial benefit from use of the Sommet Photograph. Specifically, Defendant Duke intended for the Sommet Photograph to act as a draw to the Duke Instagram Page where the user would ultimately seek services from and generate revenue for Defendant Duke.

34. After discovering the unauthorized use of the Sommet Photograph, Trunk Archive, through counsel, sent cease and desist correspondence to Defendant Duke and communicated with Defendant Duke by email and telephone from October 2022 through November 2022 in an attempt to resolve this matter.

35. Defendant Duke advised that she removed the Sommet Photograph from the Duke Instagram Page, and she did not want to pay anything for the unauthorized use of the Sommet Photograph.

36. The parties were unable to resolve the matter.

37. Defendant Duke willfully infringed upon Trunk Archive's and Sommet's rights in the Sommet Photograph because, *inter alia,* Defendant Duke

knew, or should have known, she did not have a legitimate license, permission, or authorization to use the Sommet Photograph on the Duke Instagram Page.

38. Additionally, Defendant Duke's conduct is willful because she refused to address lost licensing fees for the unauthorized use of the Sommet Photograph.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Sommet owns a valid copyright in the Sommet Photograph.

41. Sommet registered the Sommet Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

42. Sommet granted Plaintiff Trunk Archive the exclusive right to license the Sommet Photograph.

43. Defendant Duke (including her agents, contractors or others over whom she has responsibility and control) created an unauthorized copy of and displayed Sommet's unique and original Sommet Photograph without Trunk Archive's or Sommet's consent or authorization in violation of 17 U.S.C. § 501.

44. Defendant Duke willfully infringed upon Plaintiff Trunk Archive and Sommet's rights in the copyrighted Sommet Photograph in violation of Title 17 of the U.S. Code because, *inter alia,* Defendant Duke created an unauthorized copy of

the Sommet Photograph and used, displayed, and otherwise held out to the public for commercial benefit Sommet's original and unique Sommet Photograph, by using it on the Duke Instagram Page, and Defendant Duke knew, or should have known, she did not have a legitimate license to use the Sommet Photograph.

45. In addition, Defendant Duke's actions were willful because she refused to address lost licensing fees for the unauthorized use of the Sommet Photograph.

46. As a result of Defendant Duke's violations of Title 17 of the U.S. Code, Plaintiff Trunk Archive and Sommet have sustained significant injury and irreparable harm.

47. Plaintiff Trunk Archive is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) or, at Trunk Archive's election, statutory damages pursuant to 17 U.S.C. § 504(c).

48. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendant Duke as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

49. Plaintiff Trunk Archive is also entitled to injunctive relief to prevent or restrain infringement of Sommet's copyrights pursuant to 17 U.S.C. § 502.

## **DEMAND FOR JURY TRIAL**

50. Plaintiff Trunk Archive hereby demands a trial by jury in the above matter.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant Duke, as follows:

- For a finding that Defendant Duke infringed Sommet's copyright interest in the Sommet Photograph by copying, displaying, and distributing it without a license or consent;

- For a finding that Defendant Duke's conduct was willful;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff Trunk Archive's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendant Duke from further infringement of all of Sommet's copyrighted works pursuant to 17 U.S.C. § 502;

- For pre judgment and post judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

[SIGNATURES ON NEXT PAGE]

Dated: February 26, 2025                    Respectfully submitted,

                                              **s/ Jayma C. Leath**
                                              Jayma C. Leath, Esq.
                                              MI Bar. No. P78707
                                              **HIGBEE & ASSOCIATES**
                                              3110 W. Cheyenne, Suite 200
                                              North Las Vegas, NV 89032
                                              (714) 617-8350
                                              (714) 597-6729 facsimile
                                              jleath@higbee.law
                                              *Attorney for Plaintiff*